McAdam, J.
The plaintiff was lessee or assignee from the Mayor, Aldermen and Commonalty of the city of Hew York of the right to collect wharfage for use of the bulkhead northerly of the approach to pier Ho. 47, Horth River, comprising about three hundred feet, for the term of two years from May 1, 1890, at the annual rental of $10,250. The instrument demised and assigned “all and singular the wharfage which may arise, accrue or become due for the use and occupation, in the manner and at the rates prescribed by law,” of the bulkhead in question; and it furthermore authorized and empowered the plaintiff to recover and receive “such wharfage as may, during the continuance of said term, arise, accrue or become due from the master, owner, factor or agent of any vessel which shall, during the said term, come to, lie at of use the hereinbefore mentioned 'wharf property.” The defendant, an oyster dealer, kept moored to said bulkhead during a portion of the time, to wit, from May 1, 1890, to Hovember 8, 1890, a floating structure known as an oyster barge, which was of 141 tons burden. The action was brought to recover wharfage, pursuant to the terms of the Consolidation Act, from the defendant for such use of said bolichead as the rates therein prescribed or for the reasonable value of the use of said bulkhead. The facts appear to be undisputed, and the main contention at the trial was as to the proper construction of § 798 of the Consolidation Act, regulating the rates and collection of wharfage. The trial judge directed a verdict in favor of the plaintiff for $1,312.91, and from the judgment entered upon such direction, and from the order denying a motion for a new trial, the appeal is taken. The Consolidation Act, § 798, provides as follows: “It shall be lawful to charge and receive, within the city of Hew York, wharfage and dockage at the following rates, namely: From every vessel that uses or makes fast to any pier, wharf, or bulk-. head within said city * * * for every day, or part of day, * ">■ * as follows: From every vessel of two hundred *610 tons burden and under, two cents per ton, * * * except that, save as hereinafter provided, vessels known as North river barges, market boats and barges, sloops employed upon the rivers and waters of this state, and schooners exclusively employed upon the rivers and waters of this state, shall pay,” etc., * * * “and the class of sailing vessels now known as lighters, shall be at one-half the first above rates, * '* * and from every vessel or floating structure, other than those above named, or used for transportation of freight or passengers, double the first above rates, except that floating grain elevators shall pay one-half the first above rates." The question involved is, whether under those provisions the barge used' by the defendant was a vessel or floating structure upon which wharfage can be claimed and collected. The structure was certainly not what is commonly designated as a dwelling or a house, and the occupant would not ordinarily be deemed a tenant within the acceptation of that term. Nor would the city or the plaintiff as its assignee be regarded as the landlord thereof. True, it was not a vessel intended to navigate the rivers of the state, and could not receive a registered tonnage; but, nevertheless, like other barges, it might be taken in tow and removed from one place to another. It must for the purposes of this case be regarded as a vessel and floating structure within the meaning of the statute in reference to wharfage. The statute relied on by the plaintiff was evidently intended to regulate the entire subject of wharfage in the city.of New York, and to cover and include every class of floating structures. There is certainly nothing to indicate a design to exempt from its operation, oyster or other barges, moored to and occupying part of the bulkheads belonging to the city, and the statute must receive that interpretation which will give effect to the legislative purpose and intent, having in view the state of facts it was designed to meet. Hudson Iron Co. v. Alger, 54 N. Y. 173; Sedgwick on Statutes, 2d Ed. Pomeroy’s Notes, 194, 195. The answer of the defendant does not allege that it was a permanent structure, but one “moored ” to the bulkhead,—a term which means, “ to fix or secure, as a vessel, in a particular place by casting anchor or by fastening with cables or chains; as ‘they moored the boat to the wharf.’ ” Webster’s *Dic. The entrance to the barge was by means of a gang plank extending from the dock. There being no registered tonnage for such structures, the tonnage was proved by expert evidence, and, applying to it the statutory rate, the plaintiff was entitled under the statute aforesaid to the amount which he recovered. The alleged failure to print on the back of bills presented for wharfage § 798 of the Consolidation Act, as required by § 802 thereof, was not pleaded in the answer, was not an issue at the trial, and the effect of it need not be now discussed. Other objections urged at the trial are for the same reason unavailing. Defendant’s counsel moved to dismiss the complaint. Upon the denial of that motion he requested the court to direct a verdict for the defendant, and, this motion having been denied, asked to go to the jury upon the questions of fact arising on the evidence, without specifying any *611 fact as to which there was any dispute. As there appeared to be no conflict, the court properly granted the plaintiff’s motion and directed a verdict in his favor.
The judgment is right, and, with the order denying motion for a new trial, must be affirmed, with costs.
Freedman, J., concurs.